UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
SHEM WALKER,                        :
                                    :
             Petitioner,           :   Civ. No. 16-3752 (JMV)
                                    :
           v.                   :   OPINION
                                    :
PATRICK NOGAN, et al.,              :
                                    :
             Respondents.          :
_____:

APPEARANCES:
Shem Walker, # 546572 / 900508-C
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065
      Petitioner Pro se

VAZQUEZ, District Judge

      Petitioner Shem Walker, a prisoner confined at Southwoods State Prison in Bridgeton, New Jersey, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2005 New Jersey state court conviction. (ECF No. 1). This matter was twice previously administratively terminated due to Petitioner's failure to satisfy the filing fee requirement. (ECF Nos. 4, 6). On or about September 7, 2016, Petitioner paid the filing fee and the matter was reopened for review by a judicial officer. For the reasons discussed below, the Petition is dismissed without prejudice as time-barred under 28 U.S.C. § 2244(d).

I.      BACKGROUND

Petitioner filed the instant § 2254 habeas petition on or about May 15, 2016.[1] (ECF No. 1). According to the allegations contained in the Petition, Petitioner was convicted of conspiracy, robbery, felony murder, manslaughter and possession of a weapon on November 10, 2005. (Pet. 2, ECF No. 1). He was sentenced to 30 years' imprisonment on February 23, 2006. (*Id.*). Petitioner's conviction was affirmed on appeal in an unpublished opinion dated April 8, 2009. (Addendum 8-34, Opinion of Appellate Division on Direct Appeal, Apr. 8, 2009, ECF No. 1-1). The New Jersey Supreme Court granted a petition for certification and affirmed the decision of the appellate division in an opinion dated July 28, 2010. *State v. Walker*, 203 N.J. 73, 999 A.2d 450 (2010).

On August 5, 2011, Petitioner filed a *pro se* petition for post-conviction relief ("PCR"). Because the PCR petition was filed more than five years beyond the date of Petitioner's judgment of conviction, the PCR court concluded that it was untimely and procedurally barred. (Addendum 61, Opinion of PCR Court, June 4, 2013, ECF No. 1-1). The PCR court also provided a substantive analysis of Petitioner's claims. Petitioner appealed, and the appellate division affirmed the decision of the PCR court. *State v. Walker*, No. A-1853-13T4, 2015 WL 1980096, at *2 (N.J. Super. Ct. App. Div. May 5, 2015). The New Jersey Supreme Court denied certification on January 29, 2016. *State v. Walker*, 224 N.J. 244, 130 A.3d 1246 (2016). Petitioner then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] Although the Petition was not received by the Court until June 24, 2016, it is dated May 15, 2016, *see* (Pet. 17, ECF No. 1). Therefore, for purposes of this Opinion, the Court will deem it filed on the date it was signed. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]").

## II. STATUTE OF LIMITATIONS ANALYSIS

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> > (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see also, Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54, 181 L. Ed. 2d 619 (2012).

Here, Petitioner was sentenced on February 23, 2006. He timely appealed and the Supreme Court affirmed the decision of the appellate court on July 28, 2010. Petitioner then had 90 days in which to file a petition for writ of certiorari to the United States Supreme Court, but declined to do so. Accordingly, Petitioner's conviction became final for purposes of § 2244(d) — and the one-year statute of limitations period began to run — on October 26, 2010, when the 90-day period in which to file a petition for writ of certiorari expired. Unless the statute of

3

limitations was tolled, the applicable statute of limitations would have expired one year later, on October 26, 2011.

Normally, a properly filed PCR application will statutorily toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2). In this case, Petitioner filed his PCR application on August 5, 2011. Therefore, if his PCR petition was "properly filed," the AEDPA statute of limitations would be tolled during its pendency. If, however, the PCR petition was not timely filed, then statutory tolling would not apply, and the one-year AEDPA statute of limitations would have expired on October 26, 2011.

Under New Jersey law, a PCR petition must be filed within five years of the judgment of conviction. N.J. Cт. R. 3:22-12. Here, the PCR court determined that Petitioner's PCR petition was untimely because it was filed more than five months after this five-year time period had expired. *See* (Addendum 61, Opinion of PCR Court, June 4, 2013, ECF No. 1-1) ("The court is compelled to conclude that the petition is untimely and, therefore, not cognizable before the court."). Despite finding that the petition was procedurally barred, the PCR court addressed the merits of Petitioner's claims.

Nevertheless, "[i]t is well established that a petition for state post-conviction relief that was rejected by the state courts as untimely is not 'properly filed' under § 2244(d)(2), and the petitioner is not entitled to statutory tolling under § 2244(d)(2)." *Tapia v. Lagana*, No. 13-3624, 2016 WL 3436404, at *4 (D.N.J. June 17, 2016) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812, 161 L. Ed. 2d 669 (2005) ("When a postconviction relief petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and citation omitted)). Because Petitioner's PCR petition was rejected by the state court as untimely, it was not "properly filed" under § 2244(d)(2) and Petitioner is not

entitled to statutory tolling. *See Pace*, 544 U.S. at 414. The fact that the state PCR court went on to review the substantive issues of the petition does not affect this Court's statute of limitations analysis. *See Tapia*, 2016 WL 3436404, at *4 (citing *Carey v. Saffold*, 536 U.S. 214, 226, 122 S. Ct. 2134, 2141, 153 L. Ed. 2d 260 (2002) (holding that if the lower court had clearly ruled that the petition was untimely, "that would be the end of the matter, regardless of whether it also addressed the merits of the claim")). Accordingly, the Petition will be dismissed as time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.[2]

In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50, 130 S. Ct. 2549, 2563, 177 L. Ed. 2d 130 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

---

[2] This Court notes that even if Petitioner's PCR petition had been deemed timely filed by the PCR court, the instant Petition would still be dismissed as having been filed beyond the one-year statute of limitations. Specifically, as discussed above, Petitioner's conviction became final for purposes of § 2244(d)(2), and the statute of limitations period began to run, on October 26, 2010. Petitioner then filed his PCR petition, and his limitations period was statutorily tolled, on August 5, 2011; 284 days later. Thus, Petitioner had 81 days remaining in his one-year AEDPA statute of limitations period (365-284=81). The Supreme Court of New Jersey denied certification of Petitioner's appeal of the PCR court's decision on January 29, 2016. Accordingly, the AEDPA statute of limitations period began to run again on that date, and Petitioner had 81 days to file a petition seeking federal habeas review. However, the instant Petition is dated May 15, 2016; 108 days later. Thus, even assuming statutory tolling during the pendency of Petitioner's PCR proceedings, the instant Petition is untimely as having been filed more than 20 days beyond the expiration of the statute of limitations period.

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398 F.3d at 275–276; *see also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair") (citations omitted).

Indeed, extraordinary circumstances have been found only where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

In his habeas petition, Petitioner gives no explanation for the delay in bringing his state PCR petition which would allow this Court to consider equitable tolling. Accordingly, the petition will be dismissed as untimely.

This dismissal is without prejudice to Petitioner filing a motion to reopen this case for consideration of statutory or equitable tolling issues. *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts should provide petitioners with notice and opportunity to respond to a finding of untimeliness).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1035, 154 L. Ed. 2d 931 (2003) (citation omitted), cited in *United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## IV.   CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue accordingly. This dismissal is without prejudice, however, to Petitioner filing a motion to reopen this case within 60 days of the date of this Order for consideration of equitable tolling issues.

An appropriate Order follows.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Dated: 9/14/16
At Newark, New Jersey