**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHEM WALKER, | : | |
| Petitioner, | : | Civil Action No. 16-3752 (JMV) |
| v. | : | |
|  | : | **OPINION** |
| PATRICK NOGAN, *et al.*, | : | |
| Respondents. | : | |

**JOHN MICHAEL VAZQUEZ, U.S. District Judge**

On June 24, 2016, Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2005 New Jersey state court conviction. (ECF No. 1.) After Petitioner paid the filing fee, the Court reviewed the petition and dismissed it without prejudice because it was untimely under the statute of limitations under 28 U.S.C. § 2244(d)(2). (ECF Nos. 8, 9.) The Court granted Petitioner leave to file a motion to reopen for consideration of equitable tolling of the statute of limitations. (ECF No. 9.) This matter is before the Court on Petitioner's submission, on November 11, 2016, of a motion to reopen his habeas petition under 28 U.S.C. § 2254. (ECF No. 10.) For the reasons set forth below, the Court will dismiss the petition because it is barred by the statute of limitations under 28 U.S.C. § 2254.

I.   PROCEDURAL HISTORY

On November 10, 2005, Petitioner was convicted in a New Jersey state court of conspiracy, robbery, felony murder, manslaughter, and unlawful possession of a weapon. (ECF No. 10-2, ¶3.)

Petitioner was sentenced to a thirty-year term of imprisonment on February 23, 2006.  (*Id.*, ¶4.) The New Jersey Superior Court Appellate Division affirmed his conviction and sentence on direct appeal on April 8, 2009.  (*Id.*, ¶6); *State v. Walker*, 2009 WL 928479 (N.J. Super. Ct. App. Div. April 8, 2009.)  The New Jersey Supreme Court granted certification as to the issue of whether the trial court's failure to instruct the jury regarding the statutory affirmative defense to felony murder constituted plain error and thereafter remanded the matter to the Appellate Division.  (ECF No. 10-2, ¶7.)  The Appellate Division affirmed the conviction on remand; and on July 28, 2010, the New Jersey Supreme Court affirmed the Appellate Division's decision.  (*Id.*, ¶8); *State v. Walker*, 203 N.J. 73 (2010).

On August 5, 2011, Petitioner filed a petition for post-conviction relief.  (*Id.*, ¶13.)  The petition, with the exception of an issue relating to jail credits, was denied.  (*Id.*, ¶14.)  Importantly, the trial court determined that the petition for post-conviction relief was untimely (although the trial judge nevertheless conducted a substantive review).  Petitioner filed a timely notice of appeal in the Appellate Division on December 6, 2013.  (*Id.*, ¶15.)  The Appellate Division affirmed on May 5, 2015.  State v. Walker, 2015 WL 1980096 (N.J. Super. Ct. App. Div. May 5, 2015).  The New Jersey Supreme Court denied certification on January 29, 2016.  (ECF No. 10-2, ¶17.)

Petitioner signed the petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 15, 2016, but it was not received by this Court until June 24, 2016.  (ECF No. 1.)  For purposes of this Opinion, the Court deems the petition filed on May 15, 2016.  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]")

On September 14, 2016, this Court found that the petition was barred by the statute of limitations because the limitations period was not tolled when Petitioner filed an untimely petition

for post-conviction relief on August 5, 2011. (ECF No. 8 at 3-4.) Therefore, the statute of limitations for Petitioner's Section 2254 petition expired on October 26, 2011, absent equitable tolling. (*Id.*)

## II.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After the petitioner seeks, on direct appeal, review from a State's highest court, the judgment of conviction becomes final when a State's highest court either declines to hear the appeal or rules upon it. The limitations period for Section 2254 purpose then begins to run after

expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court if no petition is filed. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

Only a properly filed application for State post-conviction review or other collateral review tolls the habeas statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). A properly filed application is one that was accepted for filing and was filed within the time limits prescribed. (*Id.*) Furthermore, the tolling provision does not reset the date from which the one-year limitation period begins to run. *Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2002) *cert. denied*, 538 U.S. 1022 (2003).

### III.   DISCUSSION

Petitioner submitted a certification describing his post-conviction proceedings in the state courts, but he did not otherwise set forth a basis for equitable tolling of the statute of limitations. (ECF No. 10.) The Court notes that Petitioner provided new information about his post-conviction proceedings. On September 20, 2010, Petitioner filed a motion for a new trial based on newly discovered evidence. (ECF No 10-2, ¶9.) He presented an affidavit from an accomplice who accepted responsibility for the felony murder. *State v. Walker*, 2012 WL 2035815, at *1 (N.J. Super. Ct. App. Div. June 7, 2012). The trial court denied the motion on April 21, 2011, finding the proffered evidence was inculpatory. *Id.* at *2. The Appellate Division affirmed on June 7, 2012. (*Id.*, ¶11). The New Jersey Supreme Court denied certification on December 4, 2012. (*Id.*, ¶12.)

Even assuming that the motion for a new trial tolled the statute of limitations under 28 U.S.C. § 2244(d)(2), the limitations period began to run when the New Jersey Supreme Court denied certification on December 4, 2012, and it expired on or about December 5, 2013. As this

Court held in its Opinion of September 14, 2016, Petitioner's untimely state PCR petition,[1] filed on August 5, 2011, did not toll the statute of limitations. (ECF No. 8 at 4); *see Carey v. Saffold*, 536 U.S. 214, 226 (2002) (untimely petition for state post-conviction review, even if addressed on the merits in the alternative, does not toll the federal habeas statute of limitations). Thus, the habeas petition, filed on May 15, 2016, is barred by the statute of limitations. Petitioner has not adequately demonstrated a basis for equitable tolling.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

## V.     CONCLUSON

For the reasons discussed above, the Court dismisses Petitioner's § 2254 petition because it is barred by the statute of limitations in 28 U.S.C. § 2244(d).

An appropriate Order follows.

---

[1] *See* (Addendum, Opinion of the PCR Court, June 4, 2013, ECF No. 1-1 at 61) ("The court is compelled to conclude that the petition is untimely, and, therefore, not cognizable before the court.")

Dated: March 22, 2017
At Newark, New Jersey

                                                s/ John Michael Vazquez
                                                JOHN MICHAEL VAZQUEZ
                                                United States District Judge